D. Maimon Kirschenbaum
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff, proposed FLSA*
*Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

**KEITH GRANT, on behalf of himself and**
**others similarly situated,**

                         **Plaintiffs,**

              v.

**RED ROOSTER HARLEM LLC, AND**
**MARCUS SAMUELSSON**

                         **Defendants.**
-------------------------------------------------------x

**CASE NO.**

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND**
**RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**


Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.       This Court has original federal question jurisdiction under 28 U.S.C. § 1331

because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

("FLSA").  This Court has supplemental jurisdiction over the New York state law claims, as

they are so related to the claims in this action within the Court's original jurisdiction that they

form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      Defendant Red Rooster Harlem LLC ("Red Rooster") is a New York corporation that operates Red Rooster and Street Bird restaurants in Manhattan.

4.      Red Rooster has an annual gross volume of sales in excess of $500,000.

5.      Defendant Marcus Samuelsson is an owner and manages Red Rooster and Streetbird Restaurants.

6.      Defendant Marcus Samuelsson has ultimate authority over hiring and firing and scheduling at Red Rooster and Streetbird Restaurants.

7.      Defendant Marcus Samuelsson has ultimate authority over employees' pay rates at Red Rooster and Streetbird Restaurants.

8.      Defendant Marcus Samuelsson is actively involved in the day-to-day management and frequently present at Red Rooster and/or Streetbird Restaurants.

9.      Plaintiff Keith Grant was employed as a line chef at Red Rooster from the beginning of 2015 until August 2015, when he moved to Streetbird as a line chef.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10.      Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all kitchen employees paid on an hourly basis employed by Defendants at Red Rooster and Streetbird on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective").

11.      At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Red Rooster's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them for all overtime hours worked.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

12.      The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Red Rooster.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Red Rooster.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

13.      Plaintiff brings the state law Second and Third Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all kitchen employees paid on an hourly basis employed by Defendants at Red Rooster and Streetbird on or after the

date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

14.     All said persons, including Plaintiff, are referred to herein as the "Class."  The Class members are readily ascertainable.  The number and identity of the Class members are determinable from Red Rooster's records.  The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Red Roosters' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Red Rooster.  Notice can be provided by means permissible under said F.R.C.P. 23.

15.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Red Rooster, upon information and belief, there are more than forty (40) members of the Class.

16.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Red Rooster, as alleged herein, of failing to pay for all regular and overtime hours worked.  Red Rooster's corporate-wide policies and practices affected all Class members similarly, and Red Rooster benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

17.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.   Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

18.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Red Rooster.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Red Rooster and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.   In addition, if

appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19.     Upon information and belief, Red Rooster and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

20.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)  Whether Red Rooster employed Plaintiff and the Class members within the meaning of the New York law.

b)  At what common rate, or rates subject to common methods of calculation, were and are Red Rooster required to pay Plaintiff and the Class members for their work.

c)  What are and were the policies, practices, programs, procedures, protocols and plans of Red Rooster regarding the types of work and labor for which Red Rooster did not pay the Plaintiff and the Class members at all.

d)  Whether Red Rooster gave Plaintiff and the Class members the wage statements required by New York Labor Law § 195 and the New York Hospitality Wage Order.

e)  Whether Defendants paid Plaintiff and the Class members for all hours worked, including overtime.

## FACTS

23.     Plaintiff's consent to sue form is attached hereto as Exhibit A.

24.     Plaintiff worked for Defendants as a line chef at Red Rooster and Streetbird restaurants.

25.     At both locations, Plaintiff often worked overtime.

26.     For example, in the week ending August 15, 2015, Plaintiff worked at least 41.23 hours, the amount reflected on his paystub.

27.     In the week ending September 6, 2015, Plaintiff worked at least 41.31 hours, the amount reflected on his paystub.

28.     Defendants routinely deducted half an hour from Plaintiff's pay.

29.     This deduction was ostensibly for a lunch break.  However, Plaintiff was never afforded a lunch break during his workday.

30.     Accordingly, Plaintiff worked for an unpaid half an hour each workday.

31.     For weeks when Plaintiff's total hours worked were less than 40, Plaintiff was underpaid by a half hour per shift at his regular rate.

32.     For the weeks that Plaintiff did in fact work in excess of 40 hours in a workweek, he was deprived of overtime pay.

33.     Red Rooster did not give Plaintiff the wage statements required by N.Y. Lab. Law § 195.

34.     For example, N.Y. Lab. Law § 195 requires an employer's weekly wage statement to set forth his actual hours worked.  However, Plaintiff's paystubs mistakenly stated the wrong amount of hours worked, as a result of the incorrect deduction of a half hour per shift.

35.    Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Plaintiffs, and the Class.

36.    Defendants committed the foregoing act willfully.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. § 207 - Brought by Plaintiff on Behalf of Himself and the FLSA Collective)

37.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

38.    Throughout the statute of limitations period covered by these claims, Defendants were and continue to be "employers" engaged in interstate commerce within the meaning of the FLSA and employed Plaintiffs and each Putative Collective Action Member.

39.    At all relevant times, Plaintiff and the Putative Collective Action Members regularly worked in excess of forty (40) hours per workweek.

40.    At all relevant times, Defendants operated under a policy and practice of failing to pay proper overtime compensation to Plaintiff and the Putative Collective Action Members for all of the hours they worked in excess of 40 hours per week, and demanded, encouraged, allowed, and/or knowingly permitted the Putative Collective Action Members to work off-the-clock.

41.    At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Putative Collective Action Members at the required overtime rate of one-and-one-half their regular hourly rate of pay for all hours worked in excess of forty (40) hours per workweek.

42.    Plaintiff, on behalf of himself and the Putative Collective Action Members, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double)

damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such

other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(NYLL Overtime Violations, New York Lab. Law § 191,**
**N.Y. Comp. Codes R. & Regs. Titl. 12, § 142-2.2 –**
**Brought by Plaintiff on Behalf of Himself and the Rule 23 Class)**

43.    Plaintiff incorporates the allegations contained in the previous paragraphs of this

Complaint as if fully set forth herein.

44.    It is unlawful under New York law for an employer to suffer or permit a non-

exempt employee to work without paying overtime premiums for all hours worked in excess of

forty (40) hours in any workweek.

45.    It is unlawful under New York law for an employer to suffer or permit an

employee to work without compensation for all hours worked.

46.    At all relevant times, Defendants operated under a policy and practice of failing to

pay proper overtime compensation to Plaintiff and the Class Members for all of the hours they

worked in excess of 40 hours per week, and demanded, encouraged, allowed, and/or knowingly

permitted the Class Members to work off-the-clock.

47.    At all relevant times, Defendants willfully, regularly, repeatedly and knowingly

failed to pay Plaintiff and the Class Members at the required overtime rate of one-and-one-half

their regular hourly rate of pay for all hours worked in excess of forty (40) hours per workweek.

48.    Plaintiff, on behalf of himself and the Class Members, seeks damages in the

amount of their respective unpaid overtime compensation, liquidated damages as provided by the

NYLL, attorneys' fees and costs, pre and post judgment interest, and such other legal and

equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(Failure to Provide Accurate Pay Statements – NYLL § 195
Brought by Plaintiff on Behalf of Himself and the Class)**

49.     Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

50.     Section 195(3) of the NYLL requires every employer to "furnish each employee with a statement with every payment of wages . . . .  For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

51.     The pay statement Defendants provided to Plaintiff and the members of the Class did not include an accurate number of hours worked.

52.     The pay statements that Defendants provided to Plaintiff and the members of the Class included the number of regular and overtime hours paid, not the number of regular and overtime hours actually worked as required by the NYLL.

53.     Defendants did not give Plaintiff a proper notice and acknowledgement of pay rate form as required by NYLL 195(1).

54.     Defendants consequently owe Plaintiff and the members of the Class statutory damages as specified by NYLL § 198.

55.     Plaintiffs, on behalf of themselves and the Class Members, seek statutory damages as specified by NYLL § 198, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.      An award of damages, according to proof, including, back pay, front pay, emotional distress damages, punitive damages, and liquidated damages, to be paid by Defendants;

B.      Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C.      Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

D.      Designation of this action as a class action pursuant to F.R.C.P. 23.

E.      Designation of Plaintiff as Representative of the Class.

F.      An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G.      Penalties available under applicable laws;

H.      Costs of action incurred herein, including expert fees;

I.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216,  N.Y. Lab. L. § 663, N.Y.C. Admin. Code § 8-502, and other applicable statutes;

J.      Pre-judgment and post-judgment interest, as provided by law; and

K.      Such other and further legal and equitable relief as this Court deems necessary, just and proper.


Dated:  New York, New York          Respectfully submitted,
        October 14, 2016
                                    JOSEPH & KIRSCHENBAUM LLP

                                    By: _____
                                        D. Maimon Kirschenbaum
                                        32 Broadway, Suite 601
                                        New York, NY 10004
                                        Tel: (212) 688-5640
                                        Fax: (212) 688-2548

                                    *Attorneys for Named Plaintiff, proposed
                                    FLSA Collective Plaintiffs, and proposed
                                    Class*



## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

# Exhibit A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **RED ROOSTER, STREETBIRD,** and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

_Keith Grant_
Full Legal Name (Print)

_Keith Grant_
Signature

_8-25-16_
Date