# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEITH GRANT, on behalf of himself and others similarly situated,

    Plaintiff,

v.

RED ROOSTER HARLEM LLC, AND MARCUS SAMUELSSON,

    Defendants.

16 Civ. 8035 (RWS)

---

## SETTLEMENT AGREEMENT AND RELEASE

**WHEREAS,** Keith Grant ("Plaintiff"), commenced an action against Red Rooster Harlem LLC (d/b/a Red Rooster), and Marcus Samuelsson (collectively "Defendants") on October 14, 2016, in the United States District Court for the Southern District of New York (the "Court"), bearing Case Number 16-CV-8035 (the "Action") and alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations;

**WHEREAS,** Plaintiff and Defendants (collectively the "Parties") desire to fully and finally resolve and settle in full all claims that Plaintiff has, had, or may have against Defendants, by way of this Settlement Agreement and Release ("Agreement"); and

**WHEREAS,** Plaintiff's counsel of record in the Action and Defendants' counsel have negotiated in good faith to reach a settlement that is acceptable to the Parties and that constitutes a reasonable compromise of Plaintiff's claims, Defendants' defenses, and the *bona fide* dispute between the Parties.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, Plaintiff, on behalf of himself and all of his heirs, executors, administrators and assigns, and Defendants agree as follows:

1. **Payment/Consideration/Taxes.**

    (a)    For and in consideration of the promises of Plaintiff set forth in this Agreement, including but not limited to the Release (as defined below), and subject to the receipt of an executed copy of this Agreement, an executed copy of the Stipulation and Order of Dismissal in the form attached hereto as Exhibit A, and an order by the Court approving the terms of the Agreement and dismissing the Action with prejudice, Defendants agree to pay to Plaintiff the sum of Twenty-Three Thousand Five Hundred Dollars and Zero Cents ($23,500.00) (the "Settlement Sum") in full and final satisfaction of all issues between the Parties, provided that Plaintiff does not exercise his right to revoke this Agreement as set forth in Section 19 below.

1

Plaintiff understands that if he exercises his right to revoke this Agreement as set forth in Section 19, he will not be entitled to the Settlement Sum. The Settlement Sum shall be allocated as follows:

      i.    $15,395.57 payable to Plaintiff. $2,925.00 of the total payment to Plaintiff shall represent alleged back wages, be subject to lawful payroll deductions and tax withholdings, and be treated as earnings and reported on an IRS Form W-2. The remaining $12,470.57 of the total payment to Plaintiff shall represent alleged liquidated damages, interest and penalties, and be treated as non-wage damages and reported on an IRS Form 1099.

      ii.    $8,104.43 payable to Joseph & Kirschenbaum LLP ("JK") for attorneys' fees and costs. The payment for attorneys' fees and costs shall be reported on an IRS Form 1099.

(b) Defendants shall deliver the three checks listed in Section 1(a)(i)-(ii) above, to counsel for Plaintiff within fourteen (14) days of the following events (whichever is latest): (i) Defendants' counsel's receipt of an executed copy of this Agreement; and (ii) the Court's approval of the settlement as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act, *and* the Court's full dismissal of the Action with prejudice. Notwithstanding the foregoing, in the event that either of the Parties files an appeal or motion for reconsideration of any Court Order relating to the approval of this Agreement and/or the dismissal of the Action, then the Settlement Sum shall not become due until after any such appeal or motion is fully and finally resolved.

(c) All settlement checks shall be delivered to Joseph & Kirschenbaum LLP at 32 Broadway, Suite 601, New York, NY 10004.

(d) Joseph & Kirschenbaum LLP shall be responsible for distributing Plaintiff's shares of the Settlement Sum to Plaintiff.

(e) All payments set forth above shall be subject to all liens and wage garnishment notices concerning Plaintiffs that are received by Defendants to the extent required by applicable law.

(f) Plaintiff's counsel shall provide Defendants with a completed IRS Form W-9 prior to receiving any payments under this Agreement.

(g) Plaintiff's counsel and Defendants' counsel do not intend for this Agreement to constitute legal advice regarding the tax consequences of these payments. To the extent that this Agreement, or any of its attachments, are interpreted to contain or constitute legal advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties. Plaintiff agrees that he has not relied on any advice from Defendants or his attorneys concerning the tax consequences of the payments made pursuant to this Agreement, but is relying on his own judgment and the advice of his own counsel in this matter. Plaintiff acknowledges that Defendants must report to the IRS (as well as state and local taxing authorities where applicable) all payments made pursuant to this Agreement, and that all such payments will be reported via IRS Forms W-2 and IRS Forms 1099 as set forth in this Agreement. Plaintiff expressly

acknowledges and warrants that he is, and shall be, responsible for all federal, state, and local tax liabilities attributable to him that may result from the payments under this Agreement, and Plaintiff hereby warrants that Defendants shall bear no responsibility for any such tax liabilities, except for employer payroll tax contributions (such as FICA) for which Defendants may be liable. Plaintiff further agrees to hold Defendants harmless to the full extent of any such liabilities, payments, or costs, including taxes, interest, and penalties (except such liabilities, payments, or costs relating to employer payroll tax contributions) that may be assessed against or incurred by Defendants resulting from Plaintiff's failure to pay taxes owed for payments under this Agreement. Plaintiff agrees that, should any tax liability arise or accrue to Plaintiff under local, state, or federal tax law as a result of Plaintiff's failure to pay taxes for payments made under this Agreement, Plaintiff will pay any and all such finally determined obligations without seeking indemnity or reimbursement from Defendants.

(h) Plaintiff assumes full responsibility for his respective portions of the Settlement Payment that are taxed as IRS Form 1099 payments and any and all federal, state, and local taxes or contributions that may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or local law of any kind, with respect to the monies paid by Defendants as IRS Form 1099 payments to Plaintiff pursuant to this Agreement. Indeed, although the Parties believe, in good faith, that the tax treatment of the Settlement Payment is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the IRS or any other federal, state or local government, administrative agency, or court determines Plaintiff and/or any Defendant is liable for any failure by Plaintiff to pay federal, state or local income or employment taxes with respect to the Settlement Payment, or liable for interest or penalties related thereto, then Plaintiff agrees to hold Defendants harmless for any such liability.

2. **Mutual Releases.**

A. **General Release by Plaintiff.** For and in consideration of the promises of Defendants set forth in this Agreement, including the Settlement Sum, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiff hereby fully and forever releases, relieves, waives, relinquishes, and discharges Defendants and Defendants' parents (including but not limited to any grandparent entities, great grandparent entities, and so on), subsidiaries (including but not limited to any grandchild entities, great grandchild entities, and so on), affiliates, divisions, joint ventures, related entities and persons, successors, assigns, heirs, executors, administrators, and attorneys, and all of their past and present directors, officers, partners, shareholders, members, representatives, agents, attorneys, insurers or insurance carriers, owners, and any fiduciaries of any employee benefit plan or policy, in both their individual and representative capacities (collectively, "Releasees"), from any and all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or may have against Releasees that may be legally waived by private agreement, arising out of, by reason of, or relating in any way whatsoever to any matter, cause, or thing, from the beginning of the world through the Effective Date of this Agreement (as defined below), including but not limited to: (i) claims arising directly or indirectly from Plaintiff's association with Releasees, whether as employees,

independent contractors, or otherwise, and/or the termination of that association; (ii) claims arising directly or indirectly from the action(s) or inaction of Releasees; (iii) claims under federal, state, or local laws, statutes, regulations, rules, ordinances or orders, including, but not limited to, claims under the New York Labor Law, the New York Wage Theft Prevention Act, the New York Hospitality Wage Order, the New York Minimum Wage Order for the Restaurant Industry, the New York Minimum Wage Order for Miscellaneous Industries and Occupations, the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Age Discrimination in Employment Act, the Worker Adjustment and Retraining Notification Act, the Americans with Disabilities Act of 1990, the Employee Retirement Income Security Act of 1974, the Equal Pay Act, the Immigration Reform and Control Act, the Consolidated Omnibus Budget Reconciliation Act, the Fair Credit Reporting Act, the Occupational Safety and Health Act, the Family and Medical Leave Act of 1993, the New York Corrections Law, including Sections 750-755 thereof, the New York State Human Rights Law, and the New York City Human Rights Law, each as amended; (iv) claims for unpaid wages, whether based on the common law or otherwise, including all claims for unpaid overtime, commissions, improper deductions, travel time, spread of hours pay, bonuses, penalties, expense reimbursements, gratuities, fees, tip credits, tip allowances, service charges and retained gratuities during Plaintiffs' employment with Releasees and other compensation, wages, or benefits, including, but not limited to, life insurance, accidental death and disability insurance, sick leave, other employer-provided plans or programs, distributions of income or profit, vacation or other leave time, retirement benefits, pension benefits, the use of information obtained by Releasees as a result of the offering of group health insurance coverage, and/or any related penalties, damages, liquidated damages, interest, and attorneys' fees and costs under any federal, state, or local law; and (v) any other claims, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel, breach of contract, breach of an implied covenant of good faith and fair dealing, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise, arising prior to or at the time of the execution of the Agreement, including, but not limited to, all claims asserted in the Action. This release is limited solely and only to claims that have arisen on or prior to the date that this Agreement is executed and it does not release or discharge any claims that may occur after that date. The only exclusions from this release are claims for unemployment insurance benefits, workers' compensation benefits, and vested benefits under any applicable employee benefit plan.

   **B.** **General Release by Defendants.** Defendants agree to, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Plaintiff from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or may have against Plaintiff. This release is limited solely and only to claims that have arisen on or prior to the date that this Agreement is executed and it does not release or discharge any claims that may occur after that date.

  **3.** **No Entitlement to Payments or Benefits Outside This Agreement.**

Plaintiff agrees that he is not entitled to any payments and/or benefits from Releasees relating to this Agreement that are not specifically listed in this Agreement. Without limiting the generality of the foregoing, Plaintiff hereby expressly waives any and all rights or claims that may be legally waived by agreement relating to his employment, reinstatement to employment, or payment for back pay, front pay, commissions, incentive pay, interest, bonuses, damages, benefits, outplacement, severance pay, costs, disbursements, and/or attorneys' fees.

4.  **Non-Admission.**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached any agreement, or committed any wrongdoing whatsoever, and Plaintiff expressly acknowledges that Defendants have denied and continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof as well as any liability to Plaintiff or to anyone else. Neither this Agreement nor any of its terms shall be admissible in any proceeding other than in an application seeking Court approval of this Agreement and/or the final dismissal of the Action, or in a proceeding to enforce the terms of this Agreement.

5.  **Attorneys' Fees.**

Except as otherwise specifically set forth herein, Plaintiff and Defendants expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation, including the fees, costs and disbursements incurred in negotiating and preparing this Agreement and obtaining the dismissal of the Action with prejudice. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

6.  **Important Acknowledgments.**

Plaintiff acknowledges that he was represented by counsel of his choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that he had sufficient opportunity to consider this Agreement, has reviewed the terms of this Agreement, had the opportunity to confer with his legal counsel, Joseph & Kirschenbaum LLP, in order to obtain advice with respect to the terms of this Agreement, had the opportunity to consider their legal counsel's advice with respect to the Agreement, fully understands the terms of the Agreement, is entering into this Agreement of his own free will and accord after consultation with his legal counsel, and is signing the Agreement knowingly and voluntarily.

It is understood and agreed that the Settlement Sum and the other good and valuable consideration provided for herein are not a mere recital but are the consideration for this Agreement and all terms herein, including the full and final release effected thereby. The Parties represent and warrant that this Agreement, including the monies received by Plaintiff and referenced herein, is a fair and reasonable resolution of a bona fide dispute over provisions of the Fair Labor Standards Act and/or time worked. The Parties represent and warrant that the Settlement Sum is fair and reasonable. The Parties represent and warrant that the attorneys' fees portion of the Settlement Sum is fair and reasonable.

7.  **Oral Modifications Prohibited.**

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

8.  **Choice of Law/Venue.**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction. Venue for any dispute between the Parties shall lie in the United States District Court for the Southern District of New York. However, if the Court should refuse or decline to accept jurisdiction for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York County, New York.

9.  **Stipulation of Dismissal and Settlement Approval.**

For and in consideration of the promises of Defendants set forth in this Agreement, the receipt and sufficiency of which Plaintiff hereby acknowledges, Plaintiff agrees: (1) to dismiss, or cause to be dismissed, the Action with prejudice; and (2) not to re-file the causes of action asserted in the Action or any other claims released in this Agreement. To that end, the Parties shall sign the Stipulation and Order of Dismissal annexed hereto as Exhibit A. Upon execution of this Agreement, Plaintiff shall submit the Agreement together with the Stipulation and Order of Dismissal to the Court for its inspection and approval as a fair and reasonable resolution of a bona fide dispute over provisions of the FLSA and/or time worked.

10. **Effective Date.**

This Agreement shall become effective only and immediately upon execution of all Parties.

11. **Headings.**

The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

12. **Counterparts.**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which shall constitute one (1) Agreement.

13. **Facsimile and Email Signatures.**

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile, pdf, or email to counsel for the other party. Any signature made and transmitted by facsimile, pdf, or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

14. **Severability.**

The invalidity or unenforceability of any provision(s) of this Agreement (other than Section 2) shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect. In the event that a court of competent jurisdiction determines that Section 2 is invalid or unenforceable, then all monies paid hereunder must be returned immediately to Defendants.

15. **Status of Settlement if Case Is Not Ultimately Dismissed.**

In the event that the Court fails to dismiss the Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the Effective Date of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.

16. **Interpretation/Jointly Drafted Agreement.**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between the Parties' respective attorneys; it shall be deemed to have been jointly drafted and shall not be construed for or against any party because that party drafted the Agreement or requested the inclusion of any particular provision.

17. **No Other Representations or Agreements; Entire Agreement.**

Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the Parties and supersedes and replaces all prior negotiations and agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This Agreement is an integrated document.

18. **Knowing and Voluntary Release of Claims.**

Plaintiff acknowledges that he:

A. has carefully read and fully understands all of the provisions of this Agreement;

B. understands that all of the consideration that he is receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause him to sign it.

C. is, through this Agreement, releasing Defendants and Releasees from the claims that Plaintiff may have against them relating to Plaintiff's employment with Defendants, or Plaintiff's separation from employment with Defendants, including claims under the Age Discrimination in Employment Act ("ADEA");

D. knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

E. knowingly and voluntarily intends to be legally bound by this Agreement;

F. was advised to consult with counsel, and, in fact, has consulted with counsel, prior to executing this Agreement;

G. is signing this Agreement knowingly, voluntarily, and without any coercion or duress;

H. is duly authorized and has full authority to execute this Agreement;

I. has not previously transferred, assigned or conveyed any right or claim released in this Agreement;

J. has been advised that an individual waiving rights under ADEA is entitled to a minimum of 21 days to consider this Agreement. Therefore, Plaintiff acknowledges that he has been provided 21 days from the date of receiving this Agreement, which contains a release of ADEA claims, to return the signed Agreement. Plaintiff acknowledges that he may execute and return this Agreement earlier if he so decides, and that by executing and returning this Agreement during the 21 day period, he will waive any right to consider this Agreement for the full 21 day period. Plaintiff acknowledges that he has been further advised that he may consult with an attorney or other advisor of his choosing prior to making the decision to execute and return this Agreement.

19. **Revocation.**

Plaintiff understands and agrees that he has a period of seven (7) days following the signing of this Agreement to revoke it. Plaintiff understands that, in the event that Plaintiff revokes this Agreement, the entire Agreement shall be null and void and of no force or effect on either party, and, therefore, Defendants will not be under any obligation to make the payments set forth above. In order to revoke this Agreement, Plaintiff must sign a written notice of the decision to do so and send it to Fox Rothschild LLP, Attn: Carolyn D. Richmond, Esq., 101 Park Avenue, 17th Floor, New York, New York 10178, and the written notice must be received by

Defendants no later than the eighth day after Plaintiff signed this Agreement. Plaintiff further understands and agrees that this Agreement shall not be effective or enforceable until the seven (7) day revocation period has expired for Plaintiff, provided that Plaintiff has not exercised his right to revoke this Agreement.

**[REMAINDER OF PAGE INTENTIONALLY BLANK – SIGNATURES ON FOLLOWING PAGE]**

**IN WITNESS WHEREOF,** the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

_____          Date: ___6/30_____, 2017
Keith Grant


_____          Date: _____, 2017
Red Rooster Harlem LLC
By:
Title:


_____          Date: _____, 2017
Marcus Samuelsson

10

**IN WITNESS WHEREOF,** the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

_____     Date: _____, 2017
Keith Grant

_____     Date: 6/28, 2017
Red Rooster Harlem LLC
By: David Tetou
Title: 

_____     Date: 6/28, 2017
Marcus Samuelsson

10

ACTIVE\49699111.v1-6/20/17

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH GRANT, on behalf of himself and others similarly situated,

    Plaintiff,

v.

RED ROOSTER HARLEM LLC, AND MARCUS SAMUELSSON,

    Defendants.

16 Civ. 8035 (RWS)

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed with prejudice, without costs to any party against any other. This Stipulation may be filed with the Court without further notice to any party. This Court shall retain jurisdiction to enforce the parties' Settlement Agreement.

Dated: New York, New York
    June 30, 2017

For the Plaintiff:

**JOSEPH & KIRSCHENBAUM LLP**

By: _____
D. Maimon Kirschenbaum
Denise A. Schulman
32 Broadway, Suite 601
New York, New York 10004
*Attorneys for Plaintiff*

For the Defendants:

**FOX ROTHSCHILD LLP**

By: _____
Carolyn D. Richmond
Raquel A. Gutiérrez
101 Park Avenue, 17th Floor
New York, New York 10178
*Attorneys for Defendants*

**So Ordered**

_____
Hon. Robert W. Sweet (U.S.D.J.)